IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZONICS CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>PRIMAX ELECTRONICS, LTD.,<br><br>    Defendant<br>_____/ | No. C-04-5370 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AND THIRD CAUSES OF ACTION; DENYING AS MOOT DEFENDANT'S MOTION, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; DISMISSING SECOND AND THIRD CAUSES OF ACTION WITH LEAVE TO AMEND; VACATING HEARING** |

     Before the Court is defendant Primax Electronics, Ltd.'s motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Second and Third Causes of Action in plaintiff Ezonics Corporation's First Amended Complaint ("FAC"), and, in the alternative, for a more definite statement pursuant to Rule 12(e). Plaintiff has filed opposition, to which defendant has replied. Having reviewed the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for July 22, 2005, and rules as follows.

     Plaintiff's Second Cause of Action, alleging a claim of negligent misrepresentation, and Third Cause of Action, alleging a claim of fraud, are based on the allegation that defendant, for purposes of inducing plaintiff to enter into a contract with defendant, made false representations that a "firmware change" defendant proposed to implement in

cameras to be manufactured for plaintiff "would solve the quality problems," (see FAC ¶ 7),[1] plaintiff had noted in samples defendant had provided earlier, (see FAC ¶ 6). Defendant argues that the representations are non-actionable forward-looking statements. See In re Syntex Corp. Sec. Litig., 95 F. 3d 922, 929 (9th Cir. 1996) (holding "fact that a prediction proves to be wrong in hindsight does not render the statement untrue when made").

Rule 9(b) requires a plaintiff pleading a claim of fraud to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F. 2d 1393, 1401 (9th Cir. 1986). Here, although plaintiff has alleged the identity of the participants and the time frame, plaintiff has failed to set forth the specific content of any of the representations. Rather, plaintiff, after alleging that defendant made several representations concerning a proposed firmware change over a period of three months, has paraphrased each such representation as a statement that defendant "would solve the quality problems." (See FAC ¶ 7.) Such general, as well as ambiguous, allegations do not comport with Rule 9(b).

Similarly, the FAC contains no allegations as to the reason or reasons the representations were false when made. See In re Glenfed, 42 F. 3d 1541, 1548-49 (9th Cir. 1994) (holding "plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading," as well as an explanation as to why any statement was false or misleading "when made") (emphasis in original). Although plaintiff alleges that the "firmware upgrade proposed by [defendant] would not solve the quality issues," (see FAC ¶ 8) (emphasis added), plaintiff's use of the conditional word "would," coupled with plaintiff's failure to set forth the nature of the proposed "firmware upgrade" and the "problems" such upgrade was intended to remedy, renders the allegation ambiguous as to the true fact(s) defendant allegedly knew concerning the efficacy of the firmware.

---

[1] The FAC does not set forth, even in general terms, the nature of the proposed "firmware change" or the "quality problems" that may have existed.

1  In light of the ambiguities set forth above, the Court is unable to determine whether, as a matter of law, the alleged representations are non-actionable.  Nevertheless, because plaintiff has failed to allege with the requisite specificity the content of the representations and further has failed to sufficiently allege why the representations were knowingly false when made, the Second and Third Causes of Action are subject to dismissal under Rule 9(b), with leave to amend.[2]  As a result of the dismissal, defendant's alternative request for a more definite statement as to the Second and Third Causes of Action is moot.

**CONCLUSION**

For the reasons stated above, defendant's motion, to the extent it seeks dismissal of the Second and Third Causes of Action, is hereby GRANTED, and, to the extent it seeks a more definite statement, is DENIED as moot.

Plaintiff may, no later than August 5, 2005, file a Second Amended Complaint to cure the deficiencies identified above.  If plaintiff does not amend within the time provided, the action will proceed as to the First Cause of Action in the FAC.

**IT IS SO ORDERED.**

Dated:  July 15, 2005               /s/ Maxine M. Chesney
                                    MAXINE M. CHESNEY
                                    United States District Judge

---

[2]Defendant also argues that plaintiff has failed to plead the existence of a causal relationship between the representations and plaintiff's damages.  Resolution of this issue is premature, given the representations are not pleaded with the requisite particularity.  Defendant further argues that plaintiff has not pleaded special damages with the specificity required by Rule 9(g).  "[T]he purpose [of Rule 9(g)] is to give notice; the more natural are the damages, the less pleading is needed."  Suarez Matos v. Ashford Presbyterian Community Hosp., Inc., 4 F. 3d 47, 52 (1st Cir. 1993).  Because the nature of the alleged fraud has not been pleaded with the requisite particularity, it is premature to determine how "natural" the alleged damages are, and, as a consequence, whether plaintiff has complied with Rule 9(g).

3